## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

<table>
<tr><td>

SUSANNE GIONET
       *Plaintiff,*

    v.

NANCY PELOSI; BENNIE G. THOMPSON;
ELIZABETH L. CHENEY; ADAM B.
SCHIFF; JAMIE B. RASKIN; SUSAN E.
LOFGREN; ELAINE G. LURIA; PETER R.
AGUILAR; STEPHANIE MURPHY; ADAM
D. KINZINGER; SELECT COMMITTEE TO
INVESTIGATE THE JANUARY 6TH
ATTACK ON THE UNITED STATES
CAPITOL; JOHN WOOD; TIMOTHY J.
HEAPHY; VERIZON COMMUNICATIONS
INC.; and CELLCO PARTNERSHIP
d/b/a VERIZON WIRELESS

       *Defendants.*

</td><td>

Case No. 1:22-cv-00610

</td></tr>
</table>

### ANSWER OF VERIZON COMMUNICATIONS INC. AND
### CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS

Defendants Verizon Communications Inc. and Cellco Partnership (collectively, "Verizon"), by and through its undersigned counsel, hereby answers the Complaint of Susanne Gionet, and reserves its rights to request dismissal of the Complaint on any and all grounds. Unless expressly admitted, all allegations set forth in the Complaint are denied.

### PRELIMINARY STATEMENT

1.     Verizon received, as relevant here, a subpoena dated February 1, 2022 from the U.S. House of Representatives Select Committee to Investigate the January 6th Attack on the United States Capitol (the "Select Committee") demanding the production of telephone records of two phone numbers associated with Plaintiff Susanne Gionet's account (the "Subpoena").

This Subpoena demanded production of only Subscriber Information,[1] Connection Records, and Records of Session Times and Durations,[2] for the time period from November 1, 2020, through and including January 31, 2021.  The Subpoena did not compel the production of any call or text message content, or location information.

2.      After receiving the Subpoena, Verizon sent Plaintiff two notices informing Plaintiff of Verizon's receipt of the Subpoena from the Select Committee—one for each telephone number implicated by the Subpoena.  Both notices stated that unless Verizon received "a court document from [Plaintiff] challenging the [S]ubpoena by February 28, 2022, Verizon is compelled to comply with the [S]ubpoena."

3.      Verizon also provided Plaintiff with a copy of the Subpoena issued by the Select Committee, except that Verizon withheld Section B, which identified the phone numbers of other Verizon subscribers that had also been subpoenaed by the Select Committee.

4.      Plaintiff sent Verizon a courtesy copy of this Complaint on February 28, 2022, and filed it in federal court on March 4, 2022.

5.      Thus, consistent with the notices that Verizon provided Plaintiff, Verizon has not produced any of Plaintiff's records in response to the Select Committee's Subpoena.

---

[1] The Subpoena defined "Subscriber Information" as:  name, subscriber name, physical access, billing address, e-mail address, and any other address and contact information; all authorized users on the associated account; all phone numbers associated with the account; length of service (including start date) and types of service utilized; telephone or instrument numbers (including MAC addresses), Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN")[,] Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI") associated with the accounts; activation date and termination date of each device associated with the account; any and all number and/or account number changes prior to and after the account was activated; and other subscriber numbers or identities (including temporarily assigned network addresses and registration Internet Protocol ("IP") addresses).

[2] Per the Subpoena, "Connection Records, and Records of Session Times and Durations" includes all call, message (SMS and MMS), Internet Protocol ("IP"), and data-connection detail records associated with the Phone Numbers, including all phone numbers, IP addresses, or devices that communicated with the Phone Number via delivered and undelivered inbound, outbound, and routed calls, messages, voicemail, and data connections.

6.      In addition, Verizon has received virtually identical subpoenas from the Select Committee for the records of other customers.  Upon receipt of those subpoenas, Verizon provided the same notice to those customers that was provided to Plaintiff.

## RESPONSES TO PLAINTIFF'S ALLEGATIONS

The first unnumbered paragraph in the Complaint summarizes the relief sought to which no response is required.  To the extent any response is necessary, Verizon takes no position whether Plaintiff is entitled to the requested relief and judgment except that Verizon denies that complying with the Subpoena would violate the Stored Communications Act.  Verizon lacks sufficient information to admit or deny the remaining allegations in the first unnumbered paragraph in the Complaint.

1.      The allegations in paragraph 1 are legal arguments, legal conclusions, and a summary of the relief sought to which no response is required.  Verizon otherwise lacks sufficient information to admit or deny the remaining allegations in paragraph 1.

2.      The allegations in paragraph 2 are legal arguments and legal conclusions to which no response is required.

3.      Verizon admits that Susanne Gionet has multiple telephone lines associated with her account.  Verizon lacks sufficient information to admit or deny the remaining allegations in paragraph 3.

4.      Verizon lacks sufficient information to admit or deny the allegations in paragraph 4.

5.      Verizon lacks sufficient information to admit or deny the allegations in paragraph 5.

6.      Verizon lacks sufficient information to admit or deny the allegations in paragraph

6.

7.      Verizon lacks sufficient information to admit or deny the allegations in paragraph 7.

8.      Verizon lacks sufficient information to admit or deny the allegations in paragraph 8.

9.      Verizon lacks sufficient information to admit or deny the allegations in paragraph 9.

10.      Verizon lacks sufficient information to admit or deny the allegations in paragraph 10.

11.      Based on the public docket of *United States v. Caldwell, et al.*, No. 1:22-cr-00132 (D.D.C.), Verizon admits that Anthime Gionet was charged as a criminal defendant.

12.      Verizon lacks sufficient information to admit or deny the allegations in paragraph 12.

13.      Verizon admits, based on publicly available information, that Nancy Pelosi is a Democrat, a member of the House of Representatives, and the Speaker of the United States House of Representatives.

14.      Verizon admits, based on publicly available information, that Bennie G. Thompson is a Democrat, a member of the U.S. House of Representatives, and serves as the Chairman of the Select Committee.  Verizon also admits, based on the Subpoena, that the Subpoena was issued by Representative Thompson.

15.      Verizon admits, based on publicly available information, that Elizabeth L. Cheney is a Republican, a member of the U.S. House of Representatives, and a member of the Select Committee.

16.     Verizon admits, based on publicly available information, that Adam B. Schiff is a Democrat, a member of the U.S. House of Representatives, and a member of the Select Committee.

17.     Verizon admits, based on publicly available information, that Jamie B. Raskin is a Democrat, a member of the U.S. House of Representatives, and a member of the Select Committee.

18.     Verizon admits, based on publicly available information, that Susan E. Lofgren is a Democrat, a member of the U.S. House of Representatives, and a member of the Select Committee.

19.     Verizon admits, based on publicly available information, that Elaine G. Luria is a Democrat, a member of the U.S. House of Representatives, and a member of the Select Committee.

20.     Verizon admits, based on publicly available information, that Peter R. Aguilar is a Democrat, a member of the U.S. House of Representatives, and a member of the Select Committee.

21.     Verizon admits, based on publicly available information, that Stephanie Murphy is a Democrat, a member of the U.S. House of Representatives, and a member of the Select Committee.

22.     Verizon admits, based on publicly available information, that Adam D. Kinzinger is a Republican, a member of the U.S. House of Representatives, and a member of the Select Committee.

23.     Verizon admits, based on publicly available information, the allegations in paragraph 23.

24.     Verizon incorporates by reference its Preliminary Statement.  Verizon admits that it received the Subpoena referenced in paragraph 1 of its Preliminary Statement.

25.     Verizon incorporates by reference its Preliminary Statement.  Verizon admits that it received the Subpoena referenced in paragraph 1 of its Preliminary Statement.

26.     Verizon admits that this Court has subject matter jurisdiction over this action.

27.     Verizon admits that venue is proper in the District of Columbia.

28.     The allegations in paragraph 28 are legal arguments to which no response is required.  Verizon otherwise lacks sufficient information to admit or deny the remaining allegations in paragraph 28.

29.     The allegations in paragraph 29 are legal arguments to which no response is required.  Verizon otherwise lacks sufficient information to admit or deny the remaining allegations in paragraph 29.

30.     The allegations in paragraph 30 are legal arguments to which no response is required.  Verizon otherwise lacks sufficient information to admit or deny the remaining allegations in paragraph 30.

31.     The allegations in paragraph 31 are legal arguments to which no response is required.  Verizon otherwise lacks sufficient information to admit or deny the remaining allegations in paragraph 31.

32.     Verizon admits that this Court has personal jurisdiction over it.

33.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 33.

34.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 34.

35.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 35.

36.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 36.

37.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 37.

38.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 38.

39.     Verizon incorporates by reference its Preliminary Statement.  After receiving the Subpoena, Verizon sent Plaintiff two notices—one for each telephone number implicated by the Subpoena—on February 9 and February 10 informing Plaintiff of Verizon's receipt of the Subpoena from the Select Committee.  Plaintiff received one notice for each.  Both notices stated that unless Verizon received "a court document from [Plaintiff] challenging the [S]ubpoena by February 28, 2022, Verizon is compelled to comply with the [S]ubpoena."  Verizon denies the remaining allegations in paragraph 39.

40.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 40.

41.     Verizon incorporates by reference its Preliminary Statement.  Verizon admits that the Subpoena was dated February 1, 2022 and demands the production of only Subscriber

Information,[3] Connection Records, and Records of Session Times and Durations,[4] for the time period from November 1, 2020, through and including January 31, 2021.  Verizon denies the remaining allegations in paragraph 41.  The Subpoena did not compel the production of any call or text message content, or location information.  Verizon further denies that the records described in paragraph 1 of its Preliminary Statement can be used to track movement through cell site location information.

42.     Verizon incorporates by reference its Preliminary Statement.  Verizon admits that the Subpoena demanded the production of the records described in paragraph 1 of its Preliminary Statement, and otherwise denies the allegations in paragraph 42.

43.     Verizon incorporates by reference its Preliminary Statement.  Verizon admits only that the Subpoena demanded the production of the records described in paragraph 1 of its Preliminary Statement. Verizon otherwise denies that the allegations in paragraph 43.

44.     The allegations in paragraph 44 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the cases cited in paragraph 44 for a complete record of their contents.

45.     The allegations in paragraph 45 are legal arguments and legal conclusions to

---

[3] The Subpoena defined "Subscriber Information" as:  name, subscriber name, physical access, billing address, e-mail address, and any other address and contact information; all authorized users on the associated account; all phone numbers associated with the account; length of service (including start date) and types of service utilized; telephone or instrument numbers (including MAC addresses), Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN")[,] Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI") associated with the accounts; activation date and termination date of each device associated with the account; any and all number and/or account number changes prior to and after the account was activated; and other subscriber numbers or identities (including temporarily assigned network addresses and registration Internet Protocol ("IP") addresses).

[4] Per the Subpoena, "Connection Records, and Records of Session Times and Durations" includes all call, message (SMS and MMS), Internet Protocol ("IP"), and data-connection detail records associated with the Phone Numbers, including all phone numbers, IP addresses, or devices that communicated with the Phone Number via delivered and undelivered inbound, outbound, and routed calls, messages, voicemail, and data connections.

which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the case cited in paragraph 45 for a complete record of its contents.

46.     The allegations in paragraph 46 are legal arguments and legal conclusions to which no response is required.

47.     The allegations in paragraph 47 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the cases cited in paragraph 47 for a complete record of their contents.

48.     The allegations in paragraph 48 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the case cited in paragraph 48 for a complete record of its contents.

49.     The allegations in paragraph 49 are legal arguments and legal conclusions to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the case cited in paragraph 49 for a complete record of its contents.

50.     Verizon incorporates by reference its Preliminary Statement.  With respect to the allegations in the first sentence of paragraph 50, Verizon admits that the Subpoena demanded the production of the non-content records described in paragraph 1 of the Preliminary Statement from the time period between November 1, 2020, and January 31, 2021.  Verizon lacks sufficient information to admit or deny the allegations in the second and third sentences of paragraph 50. The remaining allegations in paragraph 50 are legal arguments to which no response is required. To the extent any response is necessary, Verizon refers the Court to the full text of the case cited in the last sentence of paragraph 50 for a complete record of its contents.

51.     Based on the public docket of *United States v. Caldwell, et al.*, No. 1:22-cr-00132 (D.D.C.), Verizon admits that Anthime Gionet was a criminal defendant in that case as of June

13, 2022.

52.     Verizon incorporates by reference its Preliminary Statement.  Verizon admits that the Subpoena demanded the production of the records described in paragraph 1 of Verizon's Preliminary Statement.  Verizon otherwise denies the allegations in paragraph 52.

53.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 53.

54.     The allegations in paragraph 54 are legal arguments and legal conclusions to which no response is required.

55.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 55.

56.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 56.

57.     The allegations in paragraph 57 are legal arguments and legal conclusions to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the case cited in paragraph 57 for a complete record of its contents.

58.     The allegations in paragraph 58 are legal arguments and legal conclusions to which no response is required.

59.     The allegations in paragraph 59 are legal arguments to which no response is required.

60.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 60.

61.     The allegations in paragraph 61 are legal arguments and legal conclusions to which no response is required.  Verizon otherwise lacks sufficient information to admit or deny

the allegations in paragraph 61.

62.     The allegations in the first sentence of paragraph 62 are legal arguments to which no response is required.  Verizon lacks sufficient information to admit or deny the remaining allegations in paragraph 62.

63.     The allegations in paragraph 63 purport to quote from the publicly available document House Resolution 503 ("H. Res. 503") from the 117th Congress.  Verizon refers the Court to the full text of the document for a complete record of its contents.

64.     The allegations in the first sentence of paragraph 64 are legal arguments to which no response is required.  Verizon lacks sufficient information to admit or deny the remaining allegations in paragraph 64.

65.     The allegations in paragraph 65 are legal arguments to which no response is required.  Based on publicly available information, Verizon admits that there are nine members of the Select Committee.  Verizon otherwise lacks sufficient information to admit or deny the remaining allegations in paragraph 65.

66.     The allegations in the second sentence of paragraph 66 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of H. Res. 503 cited in paragraph 66 for a complete record of its contents. Verizon otherwise lacks sufficient information to admit or deny the remaining allegations in paragraph 66.

67.     The allegations in paragraph 67 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of H. Res. 503 cited in paragraph 67 for a complete record of its contents. Verizon otherwise lacks sufficient information to admit or deny the remaining allegations in paragraph 67.

68.     The allegations in paragraph 68 are legal arguments to which no response is required.  To the extent a response is necessary, Verizon lacks sufficient information to admit or deny the allegations in paragraph 68.

69.     The allegations in paragraph 69 are legal conclusions to which no response is required.

70.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 70.

71.     Verizon incorporates by reference its Preliminary Statement.  Verizon admits that the Subpoena demanded the production of the non-content records described in paragraph 1 of the Preliminary Statement from the time period between November 1, 2020, and January 31, 2021.  The remaining allegations in paragraph 71 are legal arguments to which no response is required.

72.     The allegations in paragraph 72 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of H. Res. 503 for a complete record of its contents.

73.     Verizon incorporates by reference its Preliminary Statement.  Verizon admits that the subpoenas it received from the Select Committee demanded the production of the records described in paragraph 1 of Verizon's Preliminary Statement for at least 200 phone numbers. The remaining allegations in paragraph 73 are legal arguments to which no response is required.

74.     The allegations in paragraph 74 are legal arguments to which no response is required.

75.     The allegations in paragraph 75 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the

case cited in paragraph 75 for a complete record of its contents.

76.     The allegations in paragraph 76 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the case cited in paragraph 76 for a complete record of its contents.

77.     The allegations in paragraph 77 are legal arguments to which no response is required.

78.     The allegations in paragraph 78 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the Stored Communications Act for a complete record of its contents.

79.     The allegations in paragraph 79 purport to quote from the Stored Communications Act to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the Stored Communications Act for a complete record of its contents.

80.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 80.

81.     Verizon incorporates by reference its Preliminary Statement.  The allegations in paragraph 81 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon denies that the Stored Communications Act prohibits Verizon from producing any of the records described in paragraph 1 of its Preliminary Statement in response to the Subpoena.

82.     Verizon incorporates by reference its Preliminary Statement.  The allegations in paragraph 82 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon denies that the Stored Communications Act prohibits Verizon from producing any of the records described in paragraph 1 of its Preliminary Statement in response to

the Subpoena.

83.     Verizon incorporates by reference its Preliminary Statement.  The allegations in paragraph 83 are legal arguments to which no response is required.  Verizon denies that the Stored Communications Act prohibits Verizon from producing any of the records described in paragraph 1 of its Preliminary Statement in response to the Subpoena.

## PRAYER FOR RELIEF

Plaintiff's Prayer for Relief does not require a response, but to the extent any response is necessary, Verizon takes no position whether Plaintiff is entitled to the requested relief and judgment in subpart a through c, e through j, and l.  Verizon denies that complying with the Subpoena would violate the Stored Communications Act, as asserted by Plaintiff in subpart d.  Verizon further denies that Plaintiff is entitled to Verizon's payment of her attorneys' fees and expenses, as asserted by Plaintiff in subpart k.

Dated: June 13, 2022               Respectfully submitted,

<u>/s/ Reid M. Figel</u>
Reid M. Figel
**KELLOGG, HANSEN, TODD,**
  **FIGEL & FREDERICK, P.L.L.C.**
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
rfigel@kellogghansen.com

*Counsel for Defendants Verizon*
*Communications Inc. and*
*Cellco Partnership d/b/a Verizon Wireless*