# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUSANNE GIONET, | |
| *Plaintiff*, | |
| v. | No. 1:22-cv-00610-CJN |
| NANCY PELOSI, et al., | |
| *Defendants*. | |

# CONGRESSIONAL DEFENDANTS' REPLY
# IN SUPPORT OF THEIR MOTION TO DISMISS

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................... 1

ARGUMENT ........................................................................................................................... 1

    I.      The Select Committee Was Authorized to Issue the Subpoena......................................... 1

    II.     The Subpoena Serves a Legislative Purpose and Is Not Overly Broad ............................. 2

    III.    The Subpoena Does Not Violate the First Amendment....................................................... 3

    IV.    The Subpoena Does Not Violate the Fourth Amendment .................................................. 4

    V.     The Stored Communications Act Does Not Limit the Select Committee's Authority to Obtain Non-Content Information from Verizon Pursuant to a Lawful Subpoena.................................................................................................................. 5

CONCLUSION................................................................................................................................ 6

**INTRODUCTION**

Ms. Gionet's opposition to Congressional Defendants' motion to dismiss fails to reckon with the Select Committee's legitimate interest in obtaining call detail records pertaining to her adult son, Anthime "Baked Alaska" Gionet, whose participation in the January 6th attack on the U.S. Capitol, combined with his extensive involvement in online right-wing activism, *see* Defs.' Mem. in Supp. of Mot. to Dismiss ("Mem.") at 2, ECF 42, provides ample justification for the Select Committee's subpoena.  Accordingly, the Complaint should be dismissed.

**ARGUMENT**

**I.     The Select Committee Was Authorized to Issue the Subpoena**

Ms. Gionet unconvincingly attacks the Select Committee's power to issue the subpoena on the basis that the Select Committee has only nine members.  *See* Pl.'s Response to Opp'n to Defs.' Mot. to Dismiss ("Opp.") at 10-12, ECF 44.  She correctly notes that, in certain circumstances, claims that Congressional committees have not followed their rules may be judicially considered, but she cannot square her specific claim with the D.C. Circuit's admonition that "interpreting a congressional rule 'differently than would the Congress itself' is tantamount to '*making* the Rules—a power that the Rulemaking Clause reserves to each House alone.'"  *Barker v. Conroy*, 921 F.3d 1118, 1130 (D.C. Cir. 2019) (quoting *United States v. Rostenkowski*, 59 F.3d 1291, 1306-07 (D.C. Cir. 1995)).  As explained in our opening brief, Ms. Gionet is asking this Court to do just that: the Speaker and the Select Committee acted in accordance with their understanding of House rules and practices, and the full House then ratified their actions over the objections of challenges on the House floor identical to those raised by Ms. Gionet.  *See* Mem. at 9-10.  Ms. Gionet provides no reason for this Court to deviate from the considered judgment of every district court that has considered the issue—including this

Court—by ruling in her favor. *See id.* at 10-11 & n.20 (collecting cases);[1] *Ward v. Thompson*, --- F. Supp. 3d ---, 2022 WL 4386788, at *7 (D. Ariz. Sept. 22, 2022), *appeal docketed*, No. 22-16473 (9th Cir. Sept. 26, 2022).

Ms. Gionet does not address Congressional Defendants' responses to her claims that the Select Committee was not authorized to issue the subpoena because Speaker Pelosi allegedly failed to consult with the Minority Leader and because it allegedly lacks a ranking minority member. *See* Mem. at 11-13. Those claims are therefore forfeited. *See, e.g.*, *Rosenblatt v. Fenty*, 734 F. Supp. 2d 21, 22 (D.D.C. 2010) ("[A]n argument in a dispositive motion that the opponent fails to address in an opposition may be deemed conceded[.]").[2]

## II. The Subpoena Serves a Legislative Purpose and Is Not Overly Broad

Ms. Gionet argues that Congressional Defendants "fail to articulate the connection between the information sought and the link to how it furthers the Select Committee's goal." Opp. at 10. She is wrong. Far from "arbitrarily" seeking her son's call detail records, as Ms. Gionet claims, the Select Committee issued the subpoena for call detail records pertaining to a person who reportedly had 16,000 viewers on his video feed while he was acting illegally inside the Capitol on January 6th. *See* Mem. at 2. The Select Committee is investigating "how . . . online platforms . . . may have factored into the motivation, organization, and execution of" the January 6th attack. H. Res. 503, 117th Cong. § 4(a)(1)(B) (2021). The subpoena for call detail records of her son for a limited period—three months—is therefore appropriate.

---

[1] One of the cases cited in our opening brief has subsequently been vacated by the D.C. Circuit in conjunction with its dismissal of the appeal as moot. *See Republican Nat'l Comm. v. Pelosi*, No. 22-5123, 2022 WL 4349778 (D.C. Cir. Sept. 16, 2022).

[2] Nor does Ms. Gionet address Congressional Defendants' response to her claim that the subpoena violates attorney-client privilege. *See id.* at 19-20. That claim is therefore also forfeited.

Ms. Gionet asserts that the subpoena is not, in fact, limited to three months because it requires production of "[l]ength of service (including start date)" and "[a]ctivation date and termination date of each device associated with the account." Opp. at 7-8. She fails to note, however, that the subpoena Schedule—which she reproduces in her brief, *see id.* at 9—expressly provides that, for *all* records, production is required only "for the time period November 1, 2020, to January 31, 2021." To the extent that these dates fell outside that three-month time frame, the subpoena does not call for their production.

**III.    The Subpoena Does Not Violate the First Amendment**

Ms. Gionet claims that her "freedom to associate is being targeted by the purposely harassing nature of the Select Committee and the subpoena issued." Opp. at 15. But, as in her Complaint, she fails to explain how the subpoena for call detail records, on a phone line used by her adult son, impedes her freedom to associate. As noted in our motion to dismiss, *see* Mem. at 16, this does not state a legally valid claim. *See Buckley v. Valeo,* 424 U.S. 1, 74 (1976) (reiterating that an associational injury requires demonstrating a "reasonable probability that the compelled disclosure . . . will subject them to threats, harassment, or reprisals from either Government officials or private parties"); *Brock v. Loc. 375, Plumbers Int'l Union of Am., AFL-CIO*, 860 F.2d 346, 350 n.1 (9th Cir. 1988) (reviewing case law and noting that courts have "emphasized in each of those decisions . . . the need for objective and articulable facts, which go beyond broad allegations or subjective fears . . . . [A] merely subjective fear of future reprisals is an insufficient showing of infringement of associational rights").

In response to our argument that the typical First Amendment balancing test "plays no part" when a Congressional subpoena is being challenged, Mem. at 15 (quoting *Eastland v. U.S. Servicemen's Fund*, 421 U.S. 491, 509 n.16 (1975)), Ms. Gionet claims that "*Eastland* makes

3

clear that the immunity granted in the Speech and Debate Clause of the Constitution only applies to essential legislative actions," which, in her view, excludes actions of the Select Committee because it "was not formed to recommend legislation or form policies that will later be the basis for legislation." Opp. at 14.  This contention is misguided in multiple ways.  *First*, the citation of *Eastland* relates to the First Amendment, not the Speech or Debate Clause (which Congressional Defendants do not raise here).  *Second*, to the extent the scope of Speech or Debate Clause immunity is relevant, *Eastland* makes clear that it applies to, *inter alia*, "routine subpoena[s] intended to gather information about a subject on which legislation may be had." 421 U.S. at 508.  *Third*, while it is not necessary under *Eastland* that a Congressional committee be involved in recommending legislation, the Select Committee is in fact charged with issuing a final report containing, among other things, "recommendations for corrective measures," which "may include changes in law." H. Res. 503 §§ 4(a)(3), 4(c).

Ms. Gionet notes that her son's association with far-right extremists is protected by the First Amendment.  *See* Opp. at 16.  But she makes no response to our demonstration that Supreme Court precedent makes clear that she lacks standing to bring claims on her son's behalf. *See* Mem. at 16 (citing *Warth v. Seldin*, 422 U.S. 490, 499 (1975)).  Even if that barrier did not exist, and even if a balancing test applied, Ms. Gionet offers no effective rebuttal to our argument that the public interest in a full investigation of the events of and leading up to January 6th outweighs any incidental First Amendment burden created by the production of the call detail records in question.

**IV.      The Subpoena Does Not Violate the Fourth Amendment**

As set forth in our opening brief, *see* Mem. at 17-19, a subpoena is not impermissibly overbroad under the Fourth Amendment if its call for documents or testimony is within the scope of the Congressional inquiry at issue.  *See McPhaul v. United States*, 364 U.S. 372, 382 (1960).

Ms. Gionet asserts that Congressional Defendants have not identified how the requested records fit into the Select Committee's inquiry, but the connection is plain: the Select Committee is investigating, *inter alia*, "how . . . online platforms . . . may have factored into the motivation, organization, and execution of" the January 6th attack.  H. Res. 503 § 4(a)(1)(B).  The subpoena is thus appropriately focused on call detail records relating to phone numbers associated with Ms. Gionet's son during the three-month period involving the run-up to January 6th and its aftermath.

Ms. Gionet relies, as in her Complaint, on *Carpenter v. United States*, 138 S. Ct. 2206 (2018), but her arguments do not even engage with, much less undermine, Congressional Defendants' explanation of why that case does not apply.  *See* Mem. at 17-19.

## V.    The Stored Communications Act Does Not Limit the Select Committee's Authority to Obtain Non-Content Information from Verizon Pursuant to a Lawful Subpoena

As our opening brief makes clear, *see* Mem. at 20-23, the definition of "governmental entity" in the Stored Communications Act, 18 U.S.C. § 2701 *et seq.*, does not include Congress.  Ms. Gionet derides this argument as "colorful," Opp. at 17, but provides no substantive rebuttal to it.  Nor does Ms. Gionet provide a convincing response to our point that the Act permits disclosure to "any person other than a governmental entity," 18 U.S.C. § 2702(c)(6), and thus—because Congress is excluded from the definition of "governmental entity"—permits disclosure to Congress.  Ms. Gionet argues that Section 2702 is inapposite because it is titled "Voluntary disclosure of customer communications or records," and thus does not apply to a subpoena.  *See* Opp. at 17.  But this makes no sense.  If T-Mobile is allowed to disclose records to Congress voluntarily, then *a fortiori* it may do so in response to a Congressional subpoena.

5

## CONCLUSION

For the reasons stated above and in our opening brief, this Court should dismiss the Complaint in its entirety.

Respectfully submitted,

/s/ *Douglas N. Letter*
DOUGLAS N. LETTER
  *General Counsel*
TODD B. TATELMAN
  *Principal Deputy General Counsel*
ERIC R. COLUMBUS
  *Special Litigation Counsel*

OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
5140 O'Neill House Office Building
Washington, D.C.  20515
(202) 225-9700
Douglas.Letter@mail.house.gov

John A. Freedman[*]
Paul Fishman[*]
Amy Jeffress[*]
David J. Weiner[*]
John M. Hindley[*]
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave, NW
Washington, D.C. 20001
(202) 942-5000
John.Freedman@arnoldporter.com
Paul.Fishman@arnoldporter.com
Amy.Jeffress@arnoldporter.com
David.Weiner@arnoldporter.com
John.Hindley@arnoldporter.com

SHER TREMONTE LLP
Justin M. Sher[*]
Michael Tremonte[*]
Noam Biale[*]
Maya Brodziak[*]
Kathryn E. Ghotbi[*]
90 Broad Street, 23rd Floor
New York, New York 10004
(212) 202-2600

JSher@shertremonte.com  
MTremonte@shertremonte.com  
NBiale@shertremonte.com  
MBrodziak@shertremonte.com  
KGhotbi@shertremonte.com

Dated: October 7, 2022

\* Appearing pursuant to 2 U.S.C. § 5571(a).

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2022, I caused the foregoing document to be filed via the CM/ECF system for the U.S. District Court for the District of Columbia, which I understand caused a copy to be served on all registered parties.

*/s/ Douglas N. Letter*
Douglas N. Letter